UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> GATEWAY CONSTRUCTION SERVICES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 4:20-cv-00808 SEP |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Doc. [10]) pursuant to Fed. R. Civ. P. 55(b)(2). For the reasons set forth below, Plaintiffs' motion will be granted.

**I.   Factual and Procedural Background**

Plaintiffs—a group of employee benefit plans (collectively, "Funds"), their boards of trustees, and labor organizations (collectively, "Union")—bring this action to collect delinquent fringe benefit contributions pursuant to Section 502 of ERISA and the LMRA from Defendant Gateway Construction Services, Inc. Defendant and the Union are bound by a Collective Bargaining Agreement ("CBA"), which they executed in 2007. Twice since then, the parties have negotiated an extension to the CBA. Plaintiffs allege that Defendant failed to make timely contributions to the Funds as required under the terms of the CBA. The bulk of the damages are unpaid contributions uncovered by a payroll examination of August 1, 2010, through July 31, 2013. The remainder derive from late payments from March 2018 to the present, as well as cost and fees under 29 U.S.C. § 1132(g).

Defendant was served with the Summons and Complaint in this matter on July 2, 2020, and Defendant has not filed an Answer or otherwise contested the Complaint. Clerk's Entry of

Default was entered against Defendant on September 1, 2020, and Plaintiffs filed the instant Motion for Default Judgment.  Defendant has not responded to the entry of default or to the Motion for Default Judgment.

## II.     Legal Standard

The entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court.  *Weitz Co. LLC v. MacKenzie House, LLC*, 665 F.3d 970, 977 (8th Cir. 2012).  Pursuant to Federal Rule of Civil Procedure 55, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  After default has been entered, "the allegations of the complaint, except as to the amount of damages are taken as true."  *Greater St. Louis Constr. Laborers Welfare Fund v. AbatePro, Inc.*, 4:17CV02812 AGF, 2018 WL 5849980 at *1 (E.D. Mo. Sept. 6, 2018) (citation omitted); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010).  Before the Court may enter a default judgment setting forth the declaration Plaintiff seeks, it must be satisfied, on the basis of the sufficiency of the Complaint and the substantive merits of Plaintiffs' claim, that "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted).

"The court  may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:  (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Fed. R. Civ. P. 55(b)(2).  However, where "'the findings and judgment regarding damages in the instant case are capable of being computed on the basis of facts of record . . . the district court need not hold an evidentiary hearing on the issue of damages."  *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944); *see also* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 (3d ed. 2012) ("If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain that can be made certain by computation, the judgment generally will be entered for that amount without further hearing.").

With respect to damages in an action for delinquent fringe benefits, pursuant to 29 U.S.C. § 1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed, plus interest, liquidated damages (or the value of the interest again, where that amount is greater than the liquidated damages, or where liquidated damages have not been provided for), attorneys' fees, and costs. *Id.* § 1132(g)(2). Unpaid contributions, interest, and liquidated damages are "considered sums certain because their calculations are mandated under § 1132(g)(2) of ERISA and by party agreements." *Serv. Emps. Int'l Union Nat'l Indus. Pension Fund v. LTP Generations*, No. 17-cv-0942 (KBJ), 2019 WL 1423686, at *6 (D.D.C. Mar. 29, 2019) (internal quotation omitted). The Court may rely on affidavits and documentary evidence to determine the appropriate sum for the default judgment." *Painters Dist. Council 2 v. Grau Contracting, Inc*., No. 4:10CV02339 AGF, 2012 WL 2848708 at *1 (E.D. Mo. July 11, 2012).

## III.  Discussion

At all times material to this action, Defendant was a party to and bound by the terms of the CBA with the Union. The CBA requires Defendant to make contributions to the Funds for each hour worked by covered employees. It also incorporates by reference the plans' trust documents, which provide that failure to make timely contributions subjects Defendant to interest, court costs, attorneys' fees, and accounting costs. Copies of the CBA and various relevant fund and trust documents are attached to the Memorandum in Support of Motion for Default Judgment. *See* Docs. [11-1] through [11-9].

Plaintiffs submit the affidavit of Ron Graves, the Controller of the Greater St. Louis Construction Laborers' Benefit Funds, who attests to the validity of the attached copy of the Collective Bargaining Agreement. *See* Doc. [11-4]. Graves also attests to the accuracy of the discrepancy report, which shows liquidated damages for untimely payments since 2018. Doc. [11-9]. Plaintiffs also submit the affidavit of John Massa, an auditor formerly of the firm that conducted the review of payroll examinations. *See* Doc. [11-1]. Massa attests that the audit uncovered 3,306 previously unreported hours from August 1, 2010, through July 31, 2013— work for which Defendant failed to remit contributions.

Based on the documentation and affidavits submitted by Plaintiffs, the Court finds that Defendant was bound at all relevant times by a valid collective bargaining agreement, and that it breached its obligations by failing to timely pay the required contributions thereunder. Plaintiffs have established that Defendant is liable to them for $41,856.13 in unpaid

3

contributions.  Pursuant to ERISA § 1132(g)(2) and the terms of the CBA, Plaintiffs are also entitled to interest on the unpaid contributions in the amount of $3,864.15 and $8,564.46 in liquidated damages, for a total of $54,284.74.

Pursuant to Section 1132(g)(2)(D), the Court may also award costs and "reasonable" attorneys' fees.  Plaintiffs submit the affidavit of attorney Janine M. Martin.  According to Ms. Martin, a total of eight (8) hours was expended in connection with this matter, for a total of $1,617 for legal services.  Ms. Martin performed 7.3 hours of service at her hourly rate of $210.00.  In addition, Cynthia Stegmeyer performed 0.7 hours of service as a legal assistant.  Her hourly rate is $120.00.  These fees are commensurate with fees previously awarded by this Court in similar cases.  *See, e.g.*, *Greater St. Louis Constr. Laborers Welfare Fund v. LaBarge*, No. 4:13CV01258 AGF, 2013 WL 6181808 at *2 (E.D. Mo. Nov. 26, 2013) (effective hourly rate of $170 in default judgment action).  Accordingly, the Court finds that the hourly rate and hours expended are reasonable, and Plaintiffs are therefore entitled to $1,617.00 in attorney's fees.  In addition, the firm paid $400.00 for the filing fee and $65.52 for service of process, for a total of $465.52 in costs related to this action.  Plaintiffs' costs of $465.52 are reasonable and customary and will be awarded as well.

**IV.     Conclusion**

Upon review of the record, the Court finds that Plaintiffs have provided sufficient evidence to support their motion.  Considering all amounts due, Defendant owes Plaintiffs a total of $61,131.03.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. [10]) is **GRANTED**.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 4th day of November, 2020.

*Sarah E. Pitlyk*

---

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE